1

2

3

4

5

6

7                          UNITED STATES DISTRICT COURT

8                         EASTERN DISTRICT OF CALIFORNIA

9

10   STEVEN W. ROSE,                       )        1:08-cv-00681-LJO-GSA-PC
                                           )
11               Plaintiff,                )        FINDINGS AND RECOMMENDATIONS
                                           )        RECOMMENDING DISMISSAL OF
12         vs.                             )        ACTION FOR FAILURE TO STATE A
                                           )        CLAIM
13   STATE OF CALIFORNIA,                  )
                                           )        OBJECTIONS, IF ANY, DUE IN THIRTY
14               Defendant.                )        (30) DAYS
                                           )
15   _____)

16         Plaintiff, Steven W. Rose ("plaintiff"), is a state prisoner proceeding pro se and in forma pauperis

17   in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the complaint on May 15, 2008.

18   (Doc. 1.)

19   **I.      SCREENING REQUIREMENT**

20         The court is required to screen complaints brought by prisoners seeking relief against a

21   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court

22   must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous

23   or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief

24   from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any

25   filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time

26   if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be

27   granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

28
                                              1

1    A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which

2    relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the

3    claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984),

4    citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners

5    Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must

6    accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees,

7    425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve

8    all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

9    **II.    SUMMARY OF COMPLAINT**

10   Plaintiff is a state prisoner presently incarcerated at Avenal State Prison in Avenal, California.

11   The events at issue allegedly occurred during parole hearings at the R. J. Donovan Correctional Facility

12   and Avenal State Prison while plaintiff was incarcerated at those facilities.  Plaintiff names as defendant

13   the State of California.

14   Plaintiff alleges that the State of California adopted an unconstitutional indeterminate sentencing

15   scheme which had been repealed and as a result, the wrong method of calculation was used for plaintiff's

16   eligibility for parole.  Plaintiff alleges that he was sentenced on February 14, 1991 under an

17   indeterminate sentencing law which resulted from a Proposition 7 voter ballot initiative in 1978.

18   Plaintiff challenges the laws and procedures governing parole hearings for prisoners sentenced under

19   indeterminate sentencing laws.

20   Plaintiff seeks monetary damages, attorney fees and costs.

21   **III.   PLAINTIFF'S CLAIMS**

22   **Challenge to Laws and Procedures Governing Parole Hearings**

23   When a prisoner challenges the legality or duration of his custody, or raises a constitutional

24   challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus.

25   Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990), cert. denied

26   11 S.Ct. 1090 (1991).   "[A] state prisoner's § 1983 action is barred (absent prior invalidation) - no

27   matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state

28                                                    2

1    conduct leading to conviction or internal prison proceedings) - *if* success in that action would necessarily

2    demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-2, 125

3    S.Ct. 1242, 1248 (2005).  Where the complaint states a habeas claim instead of a § 1983 claim, the court

4    should dismiss the claim without prejudice for failure to exhaust, rather than converting it to a habeas

5    and addressing it on the merits.  See Blueford v. Prunty, 108 F.3d 251, 255 (9th Cir. 1997); Trimble v.

6    City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995).

7            In the complaint, plaintiff claims he was subjected to cruel and unusual punishment under the

8    Eighth Amendment, discrimination, First Amendment violations, and violations of his due process and

9    equal protection rights under the Fourteenth Amendment.  He brings this action pursuant to 42 U.S.C.

10   § 1983 and state tort law.  He states that he is "challenging the very procedures, standard of reviews,

11   burden of proof processes and law mandated upon the (State of California) defendants to govern parole

12   hearings for indeterminate sentenced prisoners like plaintiff."[1]   Plaintiff seeks money damages for

13   alleged actual harm which he "continue[s] to suffer."[2]   Although plaintiff does not state that he is

14   challenging his conviction, term, or duration of imprisonment, the remedy he seeks raises a

15   constitutional challenge which could entitle him to an earlier release.  Before plaintiff can be awarded

16   money damages due to his alleged harm in this action, a finding must be made that the correct method

17   to determine parole was not used.  Such a finding would necessarily result in re-calculation of plaintiff's

18   parole status using a different formula, which could entitle him to an earlier release.  Therefore,

19   plaintiff's sole federal remedy for challenging the method used to calculate his parole date is a writ of

20   habeas corpus.

21   **IV.    CONCLUSION**

22           The court finds that plaintiff's complaint does not contain a claim upon which relief may be

23   granted under section 1983 or state tort laws.  The court also finds that the deficiencies in the complaint

24   are not capable of being cured by amendment, and therefore leave to amend should not be granted.  28

25

26           [1]Complaint at page 19, lines 1-7.

27           [2]Complaint at page 17, lines 7-9.

28
                                                3

U.S.C. § 1915(e)(2)(B)(ii); <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Therefore, based on the foregoing analysis, the court HEREBY RECOMMENDS that this action be dismissed, without prejudice, based on plaintiff's failure to state a claim upon which relief may be granted under section 1983.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    August 29, 2008**                     _____/s/ **Gary S. Austin**_____
                                         UNITED STATES MAGISTRATE JUDGE

4